In this action for breach of contract, the motion court correctly found that defendants were entitled to summary judgment dismissing the complaint. When plaintiffs failed to pay the purchase price for defendants’ patent portfolios by a certain date, the unambiguous agreements were terminated and became null and void, without penalty to any party (see e.g. Karan v Sutton E. Assoc.-#88, 256 AD2d 29 [1st Dept 1998], lv denied 93 NY2d 811 [1999]). Accordingly, defendants did not breach the agreements by selling the portfolios to a third party after that date. Nothing in the record shows that defendants acted in bad faith, failed to discharge their obligations under the agreements or impeded plaintiffs’ performance during the term of the agreements. In any event, as the motion court properly determined, plaintiffs have no cognizable damages since the agreements provide that plaintiffs could not recover consequential damages arising under the agreements, including loss of profits, which is what plaintiffs seek in this action.
Plaintiffs’ claim for breach of the implied covenant of good faith and fair dealing is duplicative of the breach of contract claims (see e.g. Banc of Am. Sec. LLC v Solow Bldg. Co. II, L.L.C., 47 AD3d 239, 243-244 [1st Dept 2007], appeal withdrawn 16 NY3d 796 [2011]). Concur — Gonzalez, P.J., Tom, Renwick, Manzanet-Daniels and Feinman, JJ.